# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2184

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of South Dakota. |
| | * | |
| Gary Black Bear, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: December 13, 2001
Filed: January 17, 2002

_____

Before WOLLMAN, Chief Judge, JOHN R. GIBSON, and MAGILL, Circuit Judges.

_____

PER CURIAM.

Gary Black Bear was convicted by a jury of two counts of assault with a dangerous weapon and one count of assault resulting in serious bodily injury. The district court[1] denied Black Bear's motion for mistrial, which was made after a government witness gave unresponsive testimony regarding bruises he observed on the victim. Black Bear appeals his conviction, arguing that the testimony was "prior

_____

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

bad act" evidence under Fed. R. Evid. 404(b), admitted in violation of the trial court's order excluding such evidence.  Black Bear also challenges the sufficiency of the evidence supporting his conviction.

After careful review of the record, we find no abuse of discretion in the district court's denial of Black Bear's motion for a mistrial.  See United States v. Flores, 73 F.3d 826, 831-32 (8th Cir. 1996) (standard of review; district court has superior vantage point in measuring effect of testimony on the jury than appellate court reviewing cold record; curative instruction ordinarily alleviates any prejudice flowing from improper testimony).  Further, we find that the evidence amply supported the jury's verdict.  See United States v. McCarthy, 244 F.3d 998, 999-1000 (8th Cir. 2001) (standard of review).

Accordingly, we affirm.  See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.